**SHAN TONG CHAN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–4081–ag.

United States Court of Appeals, Second Circuit.

April 24, 2008.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Janice K. Redfern, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner, Shan Tong Chan, a native and citizen of China, seeks review of a September 6, 2007 order of the BIA affirming the October 13, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

under the Convention Against Torture ("CAT"). *In re Shan Tong Chan,* No. A 98 560 400 (B.I.A. Sept. 6, 2007), *aff'g* No. A 98 560 400 (Immig. Ct. N.Y. City Oct. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and supplements the decision of the IJ, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility determination, which was based on the IJ's assessment of Chan's demeanor and a substantial inconsistency. In rendering her adverse credibility determination, the IJ observed that Chan was hesitant and "that there were many questions that he answered by rote." This Court has found that "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern ... whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *Zhou Yun Zhang,* 386 F.3d at 73. Contrary to Chan's argument that the IJ's

demeanor finding is unsupported, the IJ cited a portion of Chan's testimony where he contradicted himself in responding to a series of questions concerning how the government would have known that his wife's IUD was no longer in place. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006).

The IJ also properly relied on the inconsistency between Chan's testimony that his wife was forcibly sterilized in 1995 while he was in jail and his statement at his credible fear interview that the sterilization occurred while he was in jail in 2004. The record belies Chan's assertion that he did not explicitly state in his credible fear interview that his wife was sterilized in 2004. Moreover, when asked to explain the discrepancy, Chan stated that he was arrested in 2000–a claim he had never previously made. While Chan suggests that the records of the credible fear interview are not always reliable, he does not assert that the record of his particular interview is inaccurate or unreliable for any particular reason. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004) The IJ properly found that the inconsistency regarding when Chan's wife was forcibly sterilized was significant when measured against the record as a while. Indeed, it involved a nine-year discrepancy concerning the most material elements of his claim-his wife's forcible sterilization and his detention. The inconsistency thus calls into question whether his wife was forcibly sterilized and whether he was actually detained.

Having found that Chan's testimony was not otherwise credible, the agency properly found that Chan's corroborating evidence alone could not establish his eligibility for asylum and withholding of removal. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Therefore, the agency did not err in denying

that relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Because the only evidence that Chan was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Chan's pending motion for a stay of removal in this petition is DISMISSED as moot.